IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-81 (3) |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| DEVONNA MILLER-WEST (3), | : | |
| Defendant. | : | |

---

### ORDER DENYING DEFENDANT DEVONNA MILLER-WEST'S MOTION TO SEVER (DOC. 71)

---

This case is before the Court on Defendant Devonna Miller-West's Motion to Sever (Doc. 71), and the Government's response in opposition (Doc. 81). For the following reasons, the Motion is **DENIED**.

### FACTS

In the Indictment, the Government alleges that Defendant Miami-Luken, Inc., a pharmaceuticals distributor, and two of its executives conspired with pharmacists to distribute narcotics outside the scope of professional practice and not for a legitimate purpose. The alleged conspiracy occurred between January 1, 2008 and December 7, 2015 and involved millions of dosage units of oxycodone and hydrocodone.

Ms. Miller-West is one of two pharmacists named in the Indictment. In her Motion to Sever, she asks the Court to sever her trial in this case from that of her co-Defendants pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure.

### LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) permits courts to jointly try defendants

"alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." This rule "promote[s] economy and efficiency and ... avoid[s] a multiplicity of trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131 n. 6 (1968)). The court may sever defendants' trials from each other, however, if a joint trial would prejudice a defendant (or the government). Fed. R. Crim. P. 14(a). Severance should be granted only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. "[D]efendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540.

## ANALYSIS

Ms. Miller-West argues that the charge against her should be severed because there is a serious risk that a joint trial would compromise her rights to a speedy trial, to call witnesses in her favor, and to a fair trial. The Court addresses each of these arguments in turn below.

### A. A Joint Trial Will Not Impinge Ms. Miller-West's Right to a Speedy Trial.

The Sixth Amendment guarantees criminal defendants the right to a "speedy and public trial." U.S. Const. amend. VI. In addition, the Speedy Trial Act mandates "that a defendant be brought to trial within seventy days from the date of arrest, the filing of the indictment or information, or the first appearance before the court, whichever is later." 18 U.S.C. § 3161(c). Certain pretrial delays, however, are automatically excluded from the calculation of time under the Speedy Trial Act. In a case involving multiple defendants, such as this conspiracy case, the time excluded as to one defendant is excluded as to all co-defendants for purposes of the Speedy Trial Act. *United States v. Snelling*, 961 F.2d 93, 95 (6th Cir. 1991).

This case, which was filed in July 2019, has been continued several times due to the complexity of the discovery, the legal issues raised, and the numerous pre-trial

motions brought by the parties—some of which were brought by Ms. Miller-West. She argues that the delay created by these continuances, however, is particularly prejudicial to her. She is the sole income-earner of her family, which includes a disabled husband and minor child. She also plays a major role in taking care of her parents and two grandchildren. Due to the impact this litigation has had on her ability to obtain professional liability insurance, however, she sold her pharmacy and can no longer work as a pharmacist, despite the fact that she retains her license.

While the Court is sympathetic to the hardship to Ms. Miller-West and her family, this is a conspiracy case. As the Government noted, it is blackletter law that the time excluded from the Speedy Trial Act as to any defendant applies to all defendants. *See Snelling*, 961 F.2d at 95. Before this case was transferred to the undersigned, Judge Susan J. Dlott designated it complex under 18 U.S.C. § 3161(h)(7)(B)(ii), which is a finding the case is so unusual or complex that it is is "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" established by the Speedy Trial Act. Subsequent to that designation, Defendants filed a total of eight pretrial motions, some of which raise novel issues for the Court's consideration. The extended trial calendar is the natural consequence of the competent litigation of this complex case, not a violation of Ms. Miller-West's speedy trial rights.

Ms. Miller-West cites *United States v. Anello*, 765 F.2d 253 (1st Cir. 1985) for the proposition that there is "a possible unfairness to any one codefendant who [does not] wish to participate in the pretrial motions of the others." *Anello*, 765 F.2d at 258. In that case, a total of 568 days elapsed between when the speedy trial clock began to run and the commencement of trial. No violation of the defendants' speedy trial rights occurred, however, because a sufficient number of those days were excludable under the Act--including 155 days the district court needed to decide pretrial motions. While the First Circuit acknowledged that it might be unfair to a defendant who does not join in his codefendants' pretrial motions, it was not a violation of the Speedy Trial Act. It was

simply the result of applying the Speedy Trial Act in a highly complex, multi-defendant drug conspiracy case. Thus, *Anello* does not stand for proposition that Ms. Miller-West is suffering any unfairness in violation of her right to a speedy trial.

### B. Ms. Miller-West's Right to Call Witnesses in Her Favor Will Not Be Compromised by a Joint Trial.

Ms. Miller-West argues that her Sixth Amendment right to call witnesses in her favor will be compromised if her case is not severed for trial. She first argues, or at least suggests, that a joint trial will make it more difficult for her to call her codefendants as witnesses—specifically Miami-Luken, its attorney, and its executives Anthony Rattini and James Barclay. As the Government notes in its response, the Sixth Circuit established a "stringent test" to determine whether a severance is warranted so that a defendant may obtain exculpatory testimony from a co-defendant. *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987). Namely, the defendant moving for severance must show "(1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed." *Id.* (internal quotes omitted) (quoting *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980)). Ms. Miller-West has not attempted to meet this standard. This therefore argument fails.

Ms. Miller-West also argues the delay in proceeding to trial creates a risk that certain witnesses whom she intends to call might become unavailable. She explains that the Government intends to show that a number of specific prescriptions filled at her pharmacy were issued for an unlawful purpose and outside the scope of professional practice. To rebut this showing, Ms. Miller-West plans to call witnesses who will testify to debilitating medical conditions that required them to rely on opioids for an extended period. Many of these witnesses are older and in poor health. Consequently, Ms. Miller-West believes there is a serious risk they may suffer a deterioration of their memory or even death if this matter does not proceed to trial soon. This risk is heightened, she

argues, due to the threat posed by the COVID-19 pandemic.

Although far from eliminated, the threat to public health posed by COVID-19 has diminished since this motion was briefed and argued. Federal and state governments have begun vaccinating at-risk populations and plan to increase the number of vaccinations provided in the coming months. The Government also notes that it has tried multiple defendant cases before which required dozens of witnesses to travel great distances—in excess of 100 miles—for trial. In those circumstances, the witnesses are eligible for meals and overnight housing at a local hotel. The burden to witnesses, although an important consideration, is not so great to be concerned about their health if this case were to go to trial. In addition, if Ms. Miller-West is genuinely concerned that a particular witness or witnesses will not be available for trial, she can move to depose the witness to preserve their testimony under Federal Rule of Criminal Procedure 15(a). The Government has indicated that it is amenable to conducting video depositions for just this purpose.

In sum, Ms. Miller-West has not shown that her right to call witnesses will be compromised by a joint trial in this case.

### C. A Joint Trial Does Not Endanger Ms. Miller-West's Right to Fair Trial.

Ms. Miller-West's final argument is that a joint trial would be unfair for two reasons. First, she argues that, as currently postured, the defendants are likely to present antagonistic defenses to each other's mutual prejudice. Second, she claims the jury will be incapable of distinguishing the evidence and applying the law to each defendant separately in a joint trial. Neither of these arguments warrants the severance of Ms. Miller-West's case from that of her alleged co-conspirators.

The risk of antagonistic defenses is not unique to this case but a possibility in any conspiracy case. "As a general rule, especially in conspiracy cases, parties who are jointly indicted should be tried together." *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1984). A different policy would pose problems for the criminal justice system, because

"[s]eparate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures." *See United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006). By separate order, the Court denied Ms. Miller-West's motion to dismiss the Indictment for improper joinder. And, in the instant motion, she does not identify anything unique about defendants' anticipated defenses that makes this case different from other drug conspiracy cases, where co-conspirators are typically tried together. *See Zafiro v. United States*, 506 U.S. 534, 538 (1993) ("Mutually antagonistic defenses are not prejudicial *per se*.").

Ms. Miller-West's second argument also is not well-taken. This case involves only five defendants. Two of those defendants are executives for Miami-Luken. The structure of the conspiracy is not difficult to grasp. The average juror should be familiar with how pharmacies operate and understand their basic relationship with pharmaceutical distributors and physicians. Moreover, a properly instructed jury should be able to consider the evidence as to each defendant and apply the law correctly.

## CONCLUSION

For the reasons above, Ms. Miller-West has not shown a serious risk that a joint trial would compromise a specific trial right or compromise the reliability of the jury's determination of guilt or innocence in this case. Accordingly, her Motion to Sever (Doc. 71) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND

6