**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-81 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ANTHONY RATTINI, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**ORDER DENYING MOTION TO DISMISS (Doc. 79)**

---

This case is before the Court on the Motion to Dismiss the Indictment as Facially Defective, or in the Alternative, for an *In Camera* Inspection of the Grand Jury Instructions of Law and DEA Investigators' Grand Jury Material (Doc. 79) filed by Defendants Anthony Rattini, James Barclay and Miami-Luken (collectively, the "Miami-Luken Defendants"). Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(v), the Miami-Luken Defendants contend that there was "an error in the grand-jury proceeding." Fed. R. Crim. P. 12(b)(3)(v). Specifically, they argue that the grand jury heard misinformed testimony and was given inaccurate and improper instructions regarding the law. They ask the Court to dismiss the Indictment as defective or, in the alternative, to review *in camera* certain grand jury materials to determine if any such error occurred. As discussed below, the secrecy of grand jury proceedings is a fundamental tenet of the federal criminal justice system. In this case, the Miami-Luken

Defendants have not shown reason to believe that any error occurred that warrants violating the secrecy of those proceedings. Accordingly, the Motion to Dismiss is **DENIED**.

## I. <u>LEGAL STANDARD</u>

The Supreme Court has "consistently . . . recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Accordingly, the "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity," that is, a "particularized need." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958) (internal quotations and citation omitted).

Federal Rule of Criminal Procedure 6(e) "codifies the rule that grand jury activities generally be kept secret." *See In re Special Grand Jury (Anchorage, Alaska)*, 674 F.2d 778, 779 n.1, 781 (9th Cir. 1982) ("Alaska Grand Jury"). Consistent with the Supreme Court's pronouncement in *Procter & Gamble*, a defendant cannot overcome Rule 6(e)'s presumption of secrecy without showing a "particularized need" for disclosure. *See* Fed. R. Crim. P. 6(e); *Douglas Oil*, 441 U.S. at 228; *see also United States v. Forde*, 740 F.Supp.2d 406, 413 (S.D.N.Y. 2010) ("It is well settled that a defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations.").

Here, the Miami-Luken Defendants seek review of grand jury materials and dismissal of the Indictment based on alleged errors in the grand jury proceedings. "[A]s a general matter, a district court may not dismiss an indictment for errors in

grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v United States*, 487 U.S. 250, 254 (1988). Prejudice means that the errors "substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988). Because of the established principle that grand jury indictments are presumed valid, a court "must exercise "extreme caution in dismissing an indictment for alleged grand jury misconduct." *United States v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990), citing *United States v. Jones*, 766 F.2d 994, 1001 (6th Cir.), cert. denied, 474 U.S. 1006 (1985).

## II.  ANALYSIS

By separate order, the Court denied the Miami-Luken Defendants' motion to dismiss the Indictment (Doc. 78), which was premised on the same characterization of the Government's theory of the case that they assert with respect to the instant motion. In brief, the Miami-Luken Defendants contend that the Government seeks to hold them liable under 21 U.S.C. §§ 841 and 846 for violating obligations set forth exclusively in DEA guidance letters. Because those obligations are not contained in the Controlled Substances Act or its regulations and were not imposed pursuant to the Administrative Procedures Act, they argue that the charges against them are constitutionally defective. The Court denied the motion to dismiss, among the other reasons set forth in its order, in large part because the Indictment does not charge the Miami-Luken Defendants with violating §§ 841 and 846 due to their failure to abide by DEA guidance letters. Although the Indictment does allege that failure, it charges the Defendants with

engaging in a conspiracy to distribute or dispense oxycodone and hydrocodone outside the scope of professional practice and not for a legitimate medical purpose.

The same issue undermines the Miami-Luken Defendants' contention that errors during grand jury proceedings invalidated the return of the Indictment. They begin their argument with the proposition that the Indictment "demonstrates clear error before the grand jury … because it references legal obligations and standards that simply do not exist in the law." (Doc. 79 at PageID# 567.) The reference to such obligations, they contend, impermissibly influenced the grand jury's determination of whether or not to return the Indictment. The Miami-Luken Defendants also suspect that the grand jury was given incorrect instructions regarding the elements that must be proven to establish an unlawful conspiracy under 21 U.S.C. §§ 841 and 846.

As acknowledged in the memorandum in support of their related motion to dismiss (Doc. 78 at PageID# 368) and noted in the Court's order denying that motion (Doc. 111 at PageID# 993), the Government may use a defendant's awareness of a DEA guidance document to prove the requisite scienter for a charged crime. Thus, the reference to the guidance letters alone does not establish that the Government made any material misrepresentation to the grand jury.

Admittedly, the Indictment does more than merely refer to the obligations set forth in DEA guidance letters. It alleges the Miami-Luken Defendants violated those obligations by, for example, failing to conduct due care to avoid filling suspicious orders. (Doc. 7 at ¶¶ 9 (quoting "due diligence" obligation in Rannazzisi letter), 28 (alleging the failure to exercise "due care in confirming the legitimacy of all orders").

4

The Indictment does not allege, however, that violation of obligations contained in any DEA guidance letter is sufficient to establish liability for the charged conspiracy.

The single count of conspiracy charged in the Indictment is clearly stated:

> From on or about January 1, 2008 through on or about December 7, 2015, in the Southern District of Ohio, and elsewhere, defendants **ANTHONY RATTINI, JAMES BARCLAY, DEVONNA MILLER-WEST, SAMUEL R. BALLENGEE, MIAMI-LUKEN** and unnamed co-conspirators, did knowingly and willfully combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to violate 21 U.S.C. § 841(a), that is, to knowingly and intentionally distribute and dispense a mixture and substance containing a detectable amount of oxycodone and hydrocodone, Schedule II and III controlled substances, outside the scope of professional practice and not for a legitimate medical purpose.

(Doc. 7 at ¶ 22.)  These allegations track the elements required to prove a narcotics conspiracy under 21 U.S.C. §§ 841 and 846 and established precedent.  *See*, *e.g.*, *United States v. Robinson*, 547 F.3d 632, 641 (6th Cir. 2008).  There is no suggestion in the Indictment that proof of anything less than these elements would be sufficient to find probable cause that the defendants committed the crime charged.

The Court further notes that, in response to the many pre-trial motions filed in this case, the Government's counsel has not taken the position that the Miami-Luken Defendants may held liable under § 846 based merely on their failure to comply with the DEA guidance letters.  To the contrary, the Government's counsel has cited the Sixth Circuit Pattern Instructions to describe its burden of proof in this case.  (*See*, *e.g.*, Doc. 86 at PageID# 738.)

The circumstances in this case are very different from those in the caselaw cited by the Miami-Luken Defendants, where courts have ordered the *in camera* review of

5

grand jury materials. In *United States v. Hoey*, No. S3 11-cr-337 (PKC), 2014 U.S. Dist. LEXIS 91093 (S.D.N.Y. July 2, 2014), after the grand jury returned the indictment against the defendant, the Supreme Court decided a case that determined the government's burden of proof regarding causation. The newly established rule was "not merely an evolutionary development or incremental change, but is a requirement that is non-obvious to the reader from the face of the statute." *Hoey*, 2014 U.S. Dist. LEXIS 91093, at *8-9. Moreover, the DOJ had argued against the standard adopted by the Supreme Court. The court therefore had good reason to believe the grand jury was instructed based on the incorrect standard. Because the defendant articulated a particularized need that was not based merely on speculation, the court ordered the production of the grand jury minutes for its *in camera* review. *Id*. *Accord United States v. Twersky*, S2 92 Cr. 1082 (SWK), 1994 U.S. Dist. LEXIS 8744, at *6 (S.D.N.Y. June 29, 1994) (ordering *in camera* review of grand jury minutes where grand jury was necessarily instructed prior to the Supreme Court's decision that changed the understanding of the law in the circuit).

Similarly, in *United States v. Bravo-Fernandez*, 239 F. Supp. 3d 411 (D.P.R. 2017), the First Circuit Court of Appeals had vacated the defendants' convictions because the jury was improperly instructed during the trial. The court found that due to the improper instruction of the jury, and because the issue decided by the court of appeals was a matter of first impression, it was reasonable to surmise that the grand jury had been improperly instructed as well. *Bravo-Fernandez*, 239 F. Supp. 3d at 412-13, 415-17.

In *United States v. FedEx Corp.*, No. C14-380 CRB, 2016 U.S. Dist. LEXIS 6155 (N.D.

6

Cal. Jan. 19, 2016), the defendant argued that the government had provided inaccurate instructions to the grand jury regarding the same issues in a separate case. In that other case, the defendants moved to dismiss the indictment based on their review of the instructions given to the grand jury. Based on this showing, the district court reviewed the grand jury instructions *in camera* and subsequently ordered them produced to the defendant. *FedEx Corp.*, 2016 U.S. Dist. LEXIS 6155, at *2, *13-15.

In *United States v. Ceneus*, No. 10-CR-27-SPM/GRJ, 2011 U.S. Dist. LEXIS 131813, 2011 WL 5547107, at *2 (N.D. Fla. 2011), the defendants argued that a particular member of the prosecution team had made inappropriate comments about a material issue in a similar case. Based on the language in the indictment, they reasoned that she made the same comments to the grand jury in the defendants' case. The government agreed to produce certain witness testimony from the grand jury proceedings. The court was not persuaded the defendants were entitled to non-testimonial portions of the grand jury proceedings, but their showing was sufficient for the court to conduct an *in camera* review of those materials. *Ceneus*, 2011 U.S. Dist. LEXIS 131813, at *5.

In *United States v. Ho*, No. Crim. 0800337 JMS, 2009 U.S. Dist. LEXIS 73763 (D. Haw. Aug. 20, 2009), the government's attorney made on-the-record statements regarding the government's burden of proof that contradicted Supreme Court precedent. If the grand jury were instructed based on that erroneous interpretation of the law, it could have incorrectly decided whether probable cause existed that the defendant committed the charged crime. For that reason, the court conducted an *in camera* review of the instructions to the grand jury, but found nothing improper in

them. *Ho*, 2009 U.S. Dist. LEXIS 73763 at *8.

The underlying facts in the final case cited by the Miami-Luken Defendants contrast starkly with the facts presented here. In *United States v. Peralta*, 763 F. Supp. 14 (S.D.N.Y. 1991), during the government's presentation of its case at trial, defendants' counsel discovered inconsistencies between the version of events given by the arresting officer and the version related to the grand jury by an ATF agent. The defendants moved for an acquittal and dismissal of the indictment based on this discovery. The government produced a partial transcript of the grand jury proceedings for the court's *in camera* review. The court ultimately found that the ATF agent's testimony was based almost entirely on hearsay and that the grand jury had been improperly instructed regarding the law. The court granted the defendants' motion to dismiss the indictment. *Peralta*, 763 F. Supp. at 24.

In conclusion, the Miami-Luken Defendants have not shown a particularized need for an *in camera* review of any grand jury proceedings that outweighs the strong presumption in favor of their secrecy. Despite their argument to the contrary, the Indictment does not purport to premise the Miami-Luken Defendants' liability on non-compliance with DEA guidance letters. Nor has the Government made any statement in its papers or during any proceeding that would suggest they believe proving such non-compliance is sufficient to prove the narcotics conspiracy described in paragraph 22 of the Indictment. Nor has there been any Supreme Court or Sixth Circuit decision since the return of the Indictment that changes the relevant legal standards in this case. Unlike the caselaw discussed above, there is no objective basis to believe that the grand

jury was improperly instructed regarding the Government's burden of proof in this case. *United States v. Singhal*, 876 F. Supp. 2d 82, 98–99 (D.D.C. 2012) ( "[T]he mere suspicion that the grand jury may not have been properly instructed ... is insufficient to establish that [defendants are] entitled either to dismissal of the indictment or to disclosure of grand jury materials.") (internal quotation and citation omitted).  In addition, the Sixth Circuit has indicated that, "even if an incorrect instruction was given to the grand jury"—which there is no reason to believe happened here—an indictment that is "valid on its face" is "sufficient to require a trial of the indictment on its merits." *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981).

III.   **CONCLUSION**

For the reasons above, the Miami-Luken Defendants' Motion to Dismiss (Doc. 79) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND