**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-81 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ANTHONY RATTINI, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER DENYING DEFENDANT DEVONNA MILLER-WEST'S MOTION TO
EXCLUDE EVIDENCE AND REQUEST FOR A RULE 104 HEARING (Doc. 73)**

This case is before the Court on Defendant Devonna Miller-West's Motion to Exclude Evidence and Request for Rule 104 Hearing (Doc. 73). The Government filed a memorandum in opposition (Doc. 82) to the Motion, making this matter ripe for review. For the reasons below, the Motion is **DENIED**.

**I.  FACTS**

In May 2017, United States House of Representatives Energy and Commerce Committee (hereinafter, the "Committee") opened an investigation into the distribution of prescription opioids by wholesale drug distributors, with a specific focus on distribution practices in West Virginia. As part of the investigation, bipartisan Committee leaders sent letters requesting information to certain pharmaceuticals distributors, including Miami-Luken.

Approximately one year later, on May 8, 2018, a public hearing was held before

the Committee. Dr. Joseph Mastandrea, Chairman of Miami-Luken's Board of Directors, appeared at the hearing on Miami-Luken's behalf. Dr. Mastandrea provided testimony at the hearing that accused Ms. Miller-West's pharmacy, Westside Pharmacy, of deception. Specifically, Dr. Mastandrea indicated that Westside Pharmacy continued to fill prescriptions for physicians suspected of diverting opioids for non-medical purposes, despite having told Miami-Luken that it had stopped doing so.

In a subsequent report, the Committee summarized its conclusions following the investigation. The report included a section titled "Case Study on Miami-Luken: Continuing to Supply a Pharmacy After Documented Deceit." The section quotes a letter from Miami-Luken's counsel, which also accuses Westside Pharmacy of lying about its prescription filling practices.

In the instant Motion, Ms. Miller-West requests a hearing under Fed. R. Evid. 104 regarding the admissibility of Miami-Luken's congressional testimony and the letter from its counsel to the Committee. In the alternative, she requests an order barring all evidence and argument related to the assertion that Ms. Miller-West would no longer fill prescriptions for certain doctors after June 30, 2015, including but not limited to, any alleged conversation with an unnamed Miami-Luken employee, a poster board displayed in Westside Pharmacy stating it would no longer fill prescriptions for certain doctors, and Ms. Miller-West's email to Defendant James Barclay about the poster board.

II. **LEGAL STANDARD**

Under Federal Rule of Evidence 104, the court "must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is

admissible." Fed. R. Evid. 104(a). The court must conduct any hearing on such a preliminary question so that the jury cannot hear it if "(1) the hearing involves the admissibility of a confession; (2) a defendant in a criminal case is a witness and so requests; or (3) justice so requires." Fed. R. Evid. 104(c). Thus, the rule does not require a hearing on all preliminary evidentiary questions. It requires only that, if the court chooses to have a hearing, it must be conducted outside the hearing of the jury in certain circumstances.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Generally, all relevant evidence is admissible, unless the Constitution, a federal statute, the rules of evidence, or the Supreme Court states otherwise. Fed. R. Evid. 402.

### III. ANALYSIS

Broadly reading the instant motion, Ms. Miller-West seeks to exclude all or at least portions of six items from the Government's evidence at trial: (1) congressional testimony about Westside Pharmacy, (2) the Committee's report on its investigation into the opioid crisis, (3) the letter from Miami-Luken's counsel to the Committee, (4) the alleged conversation between a Westside Pharmacy representative and Miami-Luken about certain prescribing physicians, (5) a poster board displayed in Westside Pharmacy, and (6) Ms. Miller-West's email to Mr. Barclay about the poster board.

In response, the Government generally addresses the evidentiary rules implicated by Ms. Miller-West's Motion and directly addresses the admissibility of the Committee's

3

report, the letter from Miami-Luken's counsel, and the poster board displayed at Westside Pharmacy. Importantly, the Government does not plan to introduce the Committee's report or the letter from Miami-Luken's counsel in its case-in-chief. It nonetheless argues that these items are admissible under certain conditions, including exceptions to the general rule against hearsay.

The Government argues that the photo of the poster board displayed at Westside Pharmacy is relevant and admissible. They argue Ms. Miller-West sent the photo to Miami-Luken to induce it to continue to provide controlled substances to her pharmacy. Therefore, the Government contends, it is relevant evidence of a co-conspirator statement or action that prompts the listener to take action facilitating the conspiracy. (Doc. 82 at PageID# 606, citing *United States v. Jerkins*, 871 F2d. 598, 606 (6th Cir 1989).) The Government makes additional arguments relating to admissibility, including that the photo is admissible as a business record and a statement against interest by Ms. Miller-West. *See* Fed. R. Evid. 804(3), (6) (regarding hearsay exceptions).

Ultimately, however, the Court is persuaded by the Government's overarching argument that a Rule 104 hearing would not a be productive use of the parties' and the Court's time and resources. The evidence at issue clearly relates the allegations in the Indictment. Thus, the determination of its relevance should not be difficult, although the Court declines to make that determination now. The admissibility of the evidence is a more difficult question and will depend on many factors, including its form (e.g., redacted or not), the circumstances in which it is offered (e.g., the identity of the witness testifying regarding the evidence), and the purpose (e.g., impeachment) for which it is

4

offered.

As mentioned, the Government does not plan to introduce much of the disputed evidence in its case-in-chief. Thus, the Court would have to entertain various hypotheticals to determine its admissibility. The Government, of course, would not be obligated to introduce the evidence consistent with any of those hypotheticals at trial. As a result, there is no guarantee that a Rule 104 hearing would promote a more efficient trial in this matter. For this reason, the Court will defer ruling on the admissibility of the materials set forth in Ms. Miller-West's Motion until the Government seeks to introduce them at trial. At that time, Ms. Miller-West may object to their introduction and the Court will conduct a hearing outside the hearing of the jury, if necessary, and determine their admissibility.

### III. CONCLUSION

For the reasons above, Ms. Miller-West's Motion to Exclude Evidence and Request for Rule 104 Hearing (Doc. 73) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND